IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01540-GPG


NICHOLAS AURELIO,

    Plaintiff,

v.

DENVER DISTRICT ATTORNEY'S OFFICE,
MITCHELL R. MORRISSEY,
DENVER POLICE DEPARTMENT,
DENVER SHERIFF'S DEPARTMENT,
MARION ALLISON ROCKER,
LARA J. MULLIN, and
SERGEANT MICHAEL JORDAN,

    Defendants.

---

## ORDER TO AMEND

---

On July 20, 2015, Plaintiff Nicholas Aurelio, through counsel, filed a Complaint.

Plaintiff is in the custody of the Colorado Department of Corrections and currently is

incarcerated at the Bent County Correctional Facility in Las Animas, Colorado.

Pursuant to 28 U.S.C. § 1915A and to D.C.COLO.LCivR 8.1(b)(2) and (3), this Court is

required to review the pleadings of a prisoner, whether he is represented by counsel or

not, when he is challenging prison conditions and seeking redress from a governmental

entity, officer or employee, to determine if the pleadings should be summarily

dismissed.  Pursuant to this Court's initial review and the following findings, Plaintiff will

be directed to amend the Complaint.

First, the Complaint is deficient because Plaintiff has failed to state specifically

what named Defendants Marion Allison Rocker, Lara J. Mullin, and Sergeant Michael

Jordan have done to violate his constitutional rights pursuant to 42 U.S.C. § 1983.  To state a claim in federal court Plaintiff must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated.  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  Plaintiff also is required to assert personal participation by each named defendant in the alleged constitutional violation.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Plaintiff must show how each named individual caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Also, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).  Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the

2

complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

Plaintiff also cannot maintain claims against prison officials or administrators on the basis that they denied his grievances. The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, No. 07-1425, 307 F. App'x. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted); *Davis v. Ark. Valley Corr. Facility*, No. 02-1486, 99 F. App'x. 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending "correspondence [to high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983").

Finally, Defendants Denver Police Department and Denver Sheriff's Department are improper defendants in this action. Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). The Denver Police and Sheriff's Departments are not "persons" subject to suit under § 1983.

Also, the State of Colorado and its entities, such as the Denver District Attorney's Office, are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of*

3

State Police, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th

Cir. 1988).  "It is well established that absent an unmistakable waiver by the state of its

Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by

Congress, the amendment provides absolute immunity from suit in federal courts for

states and their agencies."  *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584,

588 (10th Cir. 1994), *overrruled on other grounds by Ellis v. University of Kansas Med.

Ctr.*, 163 F.3d 1186 (10th Cir. 1998).  The State of Colorado has not waived its

Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th

Cir. 1988), and congressional enactment of § 1983 did not abrogate Eleventh

Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).

The Court, therefore, will direct Plaintiff to submit an Amended Complaint that

complies with the findings of this Order.  Accordingly, it is

ORDERED that **within thirty days from the date of this Order**, Plaintiff shall

file an Amended Complaint that complies with this Order.  It is

FURTHER ORDERED that if Plaintiff fails to file an Amended Complaint that

complies with this Order, within the time allowed, the Court will proceed to dismiss the

Complaint in part based on the above findings and proceed with addressing the merits

of only the properly asserted claims that remain.

DATED July 22, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

_____

United States Magistrate Judge